UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERT M. MARTINEZ,

    Plaintiff,

 - against -

HONORABLE ANTHONY CANNATARO and
GLORIA P. MARGARY,

    Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-753 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

 On February 3, 2014, *pro se* litigant Gilbert M. Martinez ("plaintiff") filed the above-captioned submission, ostensibly as a petition for a writ of habeas corpus pursuant to New York Domestic Relations Law ("NYDRL") § 70(a).[1] Plaintiff purports to challenge ongoing child custody proceedings and seeks emergency injunctive relief. Plaintiff's submission is similar to one that he filed on June 11, 2013, which this Court dismissed on September 25, 2013.[2] As this Court has no jurisdiction to grant the requested relief, the instant petition is also dismissed.

## BACKGROUND

 The petition alleges a series of jurisdictional and due process violations related to family court proceedings in Pennsylvania and New York. As noted, plaintiff filed a prior petition advancing similar claims, and, in its September 25th Memorandum and Order, this Court provided a brief description of those claims that will not be repeated here.[3] The instant petition

---

[1] That state statute provides that "either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court." NYDRL § 70(a). That law provides access to New York State Supreme Court, but confers no jurisdiction on federal courts.
[2] *See Martinez v. Cannataro, et al.*, No. 13-CV-3392 (RRM), 2013 WL 5409205 (E.D.N.Y. Sept. 25, 2013).
[3] Martinez litigated a related claim against Judge Cannataro in a prior civil action before this Court: *Martinez v. Pomodor, et al.*, No. 12-CV-6262 (RRM) (RER), 2012 WL 6698733 (E.D.N.Y. Dec. 26, 2012). Just as here (*see* text, *infra*), this Court dismissed those claims for lack of subject jurisdiction under the domestic relations exception. *Id.* at *1–2.

includes also references New York State Family Court proceedings on October 4, 2013,[4] October 18, 2013, December 17, 2013,[5] and January 27, 2014. (Pet. at 12–13.)

The instant petition asks this Court to dismiss the Family Court's May 31, 2013 judgment finding Martinez guilty of Menacing; restrain the Family Court from "issuing unlawful orders of protections"; and award "interim custody or immediate visitation with my son pending the outcome over the jurisdiction matter before the Kings Family Court." (Pet. at 16.)

## DISCUSSION

This Court has no jurisdiction over Martinez's claims relating to the Family Court proceedings. Martinez asserts the jurisdiction of this Court pursuant to New York Domestic Relations Law § 70 and the Uniform Child Custody Jurisdiction Enforcement Act. These are both *state* law provisions that do not confer federal jurisdiction over child custody matters. Moreover, federal courts are specifically excluded from exercising jurisdiction over child custody and other domestic relations issues. As this Court previously underscored in its Memorandum and Orders dismissing the complaints brought by this same plaintiff, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890).

Indeed, "[s]o strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (internal quotations omitted)); *Fischer v. Clark*, No. 08-CV-3807 (JS), 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009). The Second Circuit has explicitly held that this exception "includes

---

[4] The Petition states "10/4/2014." (Pet. at 12.)
[5] The Petition states "December 17 2014." (Pet. at 13.)

civil rights actions directed at challenging the results of domestic relations proceedings." *Fischer*, 2009 WL 3063313, at *2 (quoting *Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996) (internal quotations omitted)).

All of plaintiff's claims against Cannataro and Margary concern ongoing custody proceedings in Family Court – claims that are barred by the domestic relations exception to the jurisdiction of the federal courts. Whether styled a petition for habeas corpus or as a simple complaint, plaintiff's submission must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's petition and his claims relating to Family Court proceedings are hereby dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail to plaintiff a copy of this Memorandum and Order and the accompanying judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      March 17, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge